**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| EBONY MAYFIELD | § | |
| | § | |
| v. | § | Case No. 6:13-cv-459 |
| | § | |
| SALLYPORT GLOBAL HOLDINGS, INC., | § | |
| and KS INTERNTIONAL, LLC | § | |

## MEMORANDUM ORDER AND OPINION

Currently before the Court are Defendant KS International, LLC's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. No. 9) and Defendants Sallyport Global Holdings, Inc.'s and KS International, LLC's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(3) and in the alternative, Motion to Transfer Venue (Doc. No. 10). In this employment discrimination case, Defendants contend that (1) Defendant KS International, LLC had no role in the decision to terminate Plaintiff and (2) that venue is not proper in this district.

Plaintiff agrees to dismiss Defendant KS International, LLC. Accordingly, the Court GRANTS Defendant's Motion to Dismiss Pursuant to 12(b)(6) (Doc. No. 9).

But as to Defendant Sallyport, Plaintiff argues that venue is proper in the Eastern District of Texas. Having considered the parties' arguments, the undisputed facts, and the applicable law, the Court GRANTS the motion to transfer (Doc. No. 10) and transfers this case to the Eastern District of Virginia.

## Background

Plaintiff Ebony Mayfield resides in Tyler, Texas and alleges that Defendant Sallyport Global Holdings, Inc. terminated her because of her race and gender. Mayfield also brings claims

under § 1981 and for breach of contract. Sallyport is headquartered in McLean, Virginia, in the Eastern District of Virginia, where it keeps its employment records.

Sallyport and Mayfield entered into a one year employment contract under which Mayfield would work as general service technician/pool attendant in Qatar. A few months into Mayfield's time in Qatar, Sallyport fired Mayfield for allegedly drinking on the job. Mayfield alleges that she was not drinking on the job, and that other white, male employees who drank on the job were not fired.

## Legal Standard

In resolving a motion to dismiss pursuant to Rule 12(b)(3), the Court must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff. *Ambraco, Inc. v. Bossclip, B.V.*, 570 F.3d 233, 237–38 (5th Cir. 2009). But the Court may look beyond the complaint to evidence submitted by the parties. *Id.* at 238. If a suit is filed in the wrong venue, the court must dismiss it, "or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); Fed. R. Civ. P. 12(b)(3).

## Discussion

### A. Title VII's Venue Provision

Claims asserted under Title VII are governed by a special venue provision. 42 U.S.C. § 2000e-5; *In re Horseshoe Entm't*, 337 F.3d 429, 432–33 (5th Cir. 2003). It provides that venue is proper in (1) any judicial district in the State in which the unlawful employment practice is alleged to have been committed, (2) the judicial district in which the employment records relevant to such practice are maintained, and (3) the judicial district in which the plaintiff would have worked but for the alleged unlawful employment practice. 42 U.S.C. § 2000e-5(f)(3). If

none of those three are applicable, then venue lies in the judicial district in which the defendant has its principal office. *Id.*

The Eastern District of Texas does not satisfy any of § 2000e-5(f)(3)'s options. Plaintiff alleges that the unlawful employment practice took place in Qatar, that she would have continued to work in Qatar but for the unlawful employment practice, and that Sallyport maintains its principal office in the Eastern District of Virginia (Doc. No. 1 at 2–4). And Sallyport presented unrebutted evidence that it maintains Plaintiff's employment records in the Eastern District of Virginia (Doc. No. 10-1 at 1–2). As such, the Eastern District of Texas is not the proper venue for Plaintiff's Title VII claim. 42 U.S.C. § 2000e-5(f)(3); *Tucker v. U.S. Dept. of Army*, 42 F.3d 641 (5th Cir. 1994) (per curiam).

**B. General Venue Statute**

When a case involves more than one cause of action, venue must be proper as to each claim asserted. *Tucker*, 42 F.3d at 641. Thus, the fact that Title VII's venue statute is not satisfied does not mean that the Eastern District of Texas is not the proper venue for Plaintiff's remaining claims. Accordingly, the Court turns to the remaining two claims, which are both controlled by the general venue statute. 28 U.S.C. § 1391(a).

Under the general venue statute, a suit may be brought in a district where the defendant resides or a substantial portion of the events giving rise to the claim took place. *Id.* § 1391(b)(1)–(2). If no district satisfies the first two options, then venue lies where "any defendant is subject to the court's personal jurisdiction with respect to such action." *Id.* § 1391(b)(3).

Both parties agree that this action could have been brought in the Eastern District of Virginia because Sallyport resides there, and the Court agrees with the parties. Accordingly, for venue to properly lie in this district, Sallyport must also reside in this district or a substantial

portion of the events that gave rise to this action must have taken place in the district. *Id.* Plaintiff concedes that neither is true (Doc. Nos. 1 at 2 and 12 at 3). Thus, this district is not the proper forum for either of Plaintiff's remaining claims. *See Holdridge v. TricorBraun Inc.*, 3:13-CV-1202-L, 2013 WL 3213318, at *4 (N.D. Tex. June 26, 2013).

## Conclusion

In view of its unopposed nature, Defendant KSI International, LLC,'s motion to dismiss (Doc. No. 9) is GRANTED.

Furthermore, for the reasons discussed more fully above, the Court finds that venue is not proper in this district. Instead, proper venue lies in the Eastern District of Virginia. But rather than dismiss this action pursuant to Rule 12(b)(3), the Court finds that the interests of justice favor a transfer pursuant to § 1406. 28 U.S.C. § 1406(a). Accordingly, the Court GRANTS Defendant's motion to transfer (Doc. No. 10) and TRANSFERS this action to the United States District Court for the Eastern District of Virginia.

**It is SO ORDERED.**

**SIGNED this 5th day of March, 2014.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE